**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| HENRY LEE BOYKINS, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE 1 and JOHN DOE 2, <br><br> Defendants. | No. CV 08-2432-DSF (AGR) <br><br> **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE** |

On October 3, 2008, Plaintiff filed a First Amended Complaint that lists two defendants, John Doe 1 and John Doe 2. (Dkt. No. 11.)

On November 6, 2008, this court issued an order advising Plaintiff that the identities of Doe defendants are necessary in order to proceed with service of the First Amended Complaint. (Dkt. No. 13.) The court ordered Plaintiff to identify the Doe defendants on or before December 12, 2008, and warned that "[i]f Plaintiff does not timely identify the names of John Doe 1 and John Doe 2, this court may recommend dismissal of this action without prejudice for failure to prosecute and/or failure to name Doe defendants." (*Id.*)

On December 19, 2008, the court granted Plaintiff an extension of time to February 12, 2009, for Plaintiff to respond to the order requiring Plaintiff to identify Doe defendants.  (Dkt. No. 16.)

On January 26, 2009, Plaintiff filed a letter indicating that the Records Department at the Twin Towers Correctional Facility refused to honor his subpoenas because they did not have a court seal.

On February 5, 2009, this court issued an order that directed the Clerk to provide Plaintiff with four subpoenas that had court seals.  (Dkt. No. 19.)  This court also extended the time for Plaintiff to identify Doe defendants to March 13, 2009.  The order again warned that "[i]f Plaintiff does not timely identify the names of John Doe 1 and John Doe 2, this Court may recommend dismissal of this action without prejudice for failure to prosecute and/or failure to name Doe defendants."  (*Id.*)

On March 16, 2009, the court granted Plaintiff another extension of time to April 7, 2009, to file either a Notice identifying the Doe defendants or a Motion to Compel production of documents by the Custodian of Records of Twin Towers Correctional Facility.  (Dkt. No. 22.)

On April 2, 2009, Plaintiff filed a motion to compel.  (Dkt. No. 23.)

On April 6, 2009, this court issued a briefing schedule on the motion to compel. (Dkt. No. 24.)

However, the court's April 6, 2009, order was returned as undeliverable by the Postal Service.  The Clerk's office was informed that Plaintiff was no longer at the facility.

Local Rule 41-6 requires that a Plaintiff proceeding pro se must keep the Court apprised of the Plaintiff's current address.  In addition, Local Rule 41-6 provides that "the Court may dismiss the action with or without prejudice for want of prosecution" if the Plaintiff fails to notify the Court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable by the Postal Service.

Plaintiff has failed to notify the court in writing of Plaintiff's current address within 15 days after mail is returned as undeliverable as required in Local Rule 41-6.

Accordingly, IT IS ORDERED that, on or before June 5, 2009, Plaintiff shall show good cause, if there be any, why this action should not be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. **Filing a Notice of Current Address on or before June 5, 2009, shall be deemed compliance with this Order to Show Cause.**

***If Plaintiff does not timely file a Notice of Current Address on or before June 5, 2009, the court will recommend that the action be dismissed without prejudice for plaintiff's failure to prosecute, failure to identify Doe defendants and/or failure to comply with a court order.*** See Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

DATED: May 8, 2009

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE